(No. 81-CV-0575-■)

*In re* APPLICATION OF WENANTY DUDZIC.

*Order filed May 21, 1981.*

WENANTY DUDZIC, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on November 8, 1980. Wenanty Dudzic, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on January 27, 1981, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon

these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Wenanty Dudzic, age 45, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: Aggravated Battery. Ill. Rev. Stat. 1979, ch. 38, par. 12—4.

2. That on November 8, 1980, the Claimant was shot by an unknown offender during the course of an armed robbery. The incident occurred on the street at 1529 W. 48th Street, Chicago, Illinois. The Claimant was taken to Mercy Hospital and admitted for treatment.

3. That documents submitted by the Claimant to substantiate his claim indicate that he is a foreign national.

4. That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

5. That the Claimant's medical/hospital expenses from the date of the incident up to January 31, 1981, have been assumed by the Illinois Department of Public Aid. The Claimant has been denied further benefits because he has failed to meet the Illinois Department of Public Aid citizenship/alienage requirements.

6. That the Claimant was employed by Vinal Green prior to the injury and his average monthly earnings were $336.86. Claimant is disabled and unable to work. The Claimant's physicians are unable to determine at this time whether or not the Claimant will be permanently disabled.

7. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

8. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims, (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

9. That the Claimant has been unable to furnish documentation regarding his legal alien status. It is the opinion of this Court that the definition of a person eligible for compensation under the Act relates specifically to citizens of the United States and aliens admitted to the United States under color of law. Thus, the Claimant is precluded from recovery under the Act.

It is hereby ordered that this claim be, and is, hereby dismissed.